**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS**

**ALEXIS CONCEPCION,**

                    **Petitioner,**

**v.**                                                    **Civil No.: 2:18CV5**
                                                          **JUDGE BAILEY**
**JENNIFER SAAD,**

                    **Respondent**.

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On January 17, 2018, the pro se Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.   Petitioner is a federal inmate who was housed at FCI Gilmer and is challenging the validity of his sentence imposed in the United States District Court for the Eastern District of Pennsylvania.   This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2 and 28 U.S.C. § 1915A.

### FACTUAL AND PROCEDURAL HISTORY[1]

#### A. Conviction and Sentence

On August 13, 2002, a federal grand jury in the Eastern District of Pennsylvania returned a four-count indictment charging Petitioner with possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 1); possession of firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.

---

[1]  All CM/ECF references in the Factual and Procedural History refer to entries in the docket of Criminal Action No. 2:02cr488 in the Eastern District of Pennsylvania.

§ 924(c)(1) (Count 2); possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 3); and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922 (g)(1) (Count 4). ECF No. 1.

On January 6, 2003, Petitioner pleaded guilty to all counts in the indictment. ECF No. 23. A sentencing hearing was conducted on May 7, 2003 [ECF No. 27], and on May 12, 2003, judgment was entered which sentenced Petitioner to 180 months imprisonment on Counts 1, 3 and 4, 60 months' imprisonment on Count 2 to run consecutive to the sentences imposed on Counts 1, 3, and 4 and a mandatory special assessment of $400. ECF No. 28.[2]

### B. Direct Appeal

On May 22, 2003, Petitioner filed a timely notice of appeal. ECF No. 32. The Third Circuit Court of Appeals remanded the case for re-sentencing in accordance with Booker. ECF No. 35. On January 18, 2006, an Amended Judgment was entered which again sentenced Petitioner to 180 months imprisonment on Counts 1, 3 and 4, 60 months' imprisonment on Count 2 to run consecutive to the sentences imposed on Counts 1, 3 and 4 and a mandatory special assessment of $400. ECF No. 40. On August 30, 2007, the Third Circuit affirmed this sentence. ECF No. 46.

### C. Motion to Vacate under 28 U.S.C. § 2255

On March 12, 2008, Petitioner filed a motion to vacate pursuant to § 2255. ECF No. 50.  In his motion, Petitioner argued that his counsel was ineffective at sentencing and on direct appeal by failing to argue that "recklessly endangering another person" is not a crime of violence under Pennsylvania law, and therefore not a qualifying

---

[2] The undersigned notes that on April 4, 2019, Petitioner's term of imprisonment was reduced to 211 months pursuant to the First Step Act. ECF No. 121.

conviction for Career Offender status. ECF No. 54 at 2. Following the government's response [ECF No. 56], the district Court found that reckless endangerment is a crime of violence for career criminal sentencing enhancement and dismissed the motion on May 29, 2008 and declined to issue a certificate of appealability. ECF No. 57.

On June 14, 2018, the Third Circuit denied Petitioner's application under 28 U.S.C. §§ 2244 and 2255(h) for leave to file a second or successive § 2255 motion. In his application, Petitioner sought leave to challenge his sentence claiming the definition of "crime of violence" contained in the residual clause of U.S.S.G. § 4B1.2(a) is unconstitutionally vague. Petitioner relied on Sessions v_ v. Dimaya, 138 S.Ct. 1204 (2018), which followed the rule announced in Johnson v. United States, 135 S.Ct. 2551 (2015) and argued that he was entitled to relief under a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). In denying the motion, the Third Circuit noted that the Petitioner was sentenced under the advisory Sentencing Guidelines and concluded that the Supreme Court had held that the analysis in Johnson, which was applied in Dimaya does not apply to the advisory Sentencing Guidelines and, therefore, § 4B1.2(a)'s residual clause is not void for vagueness." Beckles v. United States, 137 S.Ct. 886, 897 (2017).  ECF No. 16.

## II.   PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, Petitioner relies on one theory. In effect, he alleges that his prior convictions no longer no serve as predicate offenses under the Career Offender provision of U.S.S.G. §§ 4B .1, 4B1.2 considering United

States v. Shetzer, 270 Fed. Appx. 350 (3rd Cir. 2010), which cited Begay v. United States, 503 U.S. 137 (2008).[3]

Petitioner alleges that his sentencing guidelines range without the career offender enhancement is 111 to 131 months, with the  consecutive sentence of 60 months for the 924(c) conviction.   Therefore, Petitioner requests that this court grant his petition and order his immediate release.

### III.   LEGAL STANDARDS

### A.  Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.   This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B.  Pro Se Litigants

---

[3] In Begay, the Court considered whether New Mexico felony convictions for driving under the influence ("DUI") constituted violent felonies under the ACCA residual clause. 553 U.S. at 137. While acknowledging that drunk driving poses a "serious potential risk of physical injury to another," the Court nonetheless concluded that the DUI offenses did not qualify as "violent felonies." Id. at 141, 147-48. The Court reasoned that the structure of the ACCA indicates Congress's intent to cover only crimes that are "similar" to the enumerated offenses, "rather than every crime that 'presents a serious potential risk of physical injury to another.'" Id. at 142. Moreover, the Court concluded that the ACCA residual clause applies only to those offenses "roughly similar, in kind as well as in degree of risk posed" to the enumerated offenses. Id. at 143. Begay thus expanded the inquiry as to whether a crime falls within a residual clause-- requiring a sentencing court to assess both the degree of risk typically posed by the crime and whether the crime involves the same kind of "purposeful, violent, and aggressive conduct" as the enumerated offenses.

As a pro se litigant, the Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

**C. Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are generally required to proceed under § 2255 in the District Court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is generally intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.  "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."  Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction and/or his sentence under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective

5

merely because relief has become unavailable under § 2255 because of (1) a limitation bar,[4] (2) the prohibition against successive petitions, or (3) a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

A petitioner bears the burden of demonstrating that the § 2255 remedy is "inadequate or ineffective,"[5] and the standard is an exacting one.  The Fourth Circuit has announced two tests for evaluating whether a petitioner's claim satisfies the § 2255(e) savings clause.  Which test is to be applied depends on whether the petitioner is challenging the legality of his conviction or the legality of his sentence.  See United States v. Wheeler, 886 F.3d 415, 428 (4th Cir. 2018); In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000).  When a petitioner is challenging the legality of his conviction, § 2255 is deemed to be "inadequate or ineffective" only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

---

[4]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

    a.    The date on which the judgment of conviction becomes final;
    b.    The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    c.    The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    d.    The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[5]  This is the equivalent of saying that "the § 2255(e) savings clause is satisfied."

> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333–34.

When a petitioner is challenging the legality of his sentence, § 2255 is deemed to be "inadequate or ineffective" only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;
>
> (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;
>
> (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and
>
> (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, 886 F.3d at 429.  The Fourth Circuit has specified that a change of substantive law within the Circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

Because the requirements of the savings clause are jurisdictional, a § 2241 petitioner relying on the § 2255(e) savings clause must meet the Jones test (if challenging the legality of his conviction) or the Wheeler test (if challenging the legality of his sentence) for the court to have subject-matter jurisdiction to evaluate the merits of the petitioner's claims.  See Wheeler, 886 F.3d at 423–26.

## IV.   ANALYSIS

Although Petitioner asserts that he is entitled to relief under the savings clause, he is not entitled to its application. Because Petitioner is challenging his sentence in a §

7

2241, he must meet all four prongs of the <u>Wheeler</u> test for this Court to have jurisdiction to hear his challenge on the merits.

In this case, even if Petitioner meets the first, second, and third prongs of <u>Wheeler</u>, Petitioner cannot meet the fourth prong, which requires a showing that due to a retroactive change in the law, Petitioner's sentence now presents an error sufficiently grave to be deemed a fundamental defect.  <u>See</u> <u>Lester v. Flournoy</u>, 909 F.3d 708, 715 (4th Cir. 2018). In <u>Lester</u>, the Fourth Circuit concluded that a misclassification as a career offender can be a fundamental defect if the sentencing occurred pre-<u>Booker</u>, when the sentencing Guidelines were mandatory.  <u>Id.</u> at 714.

However, the <u>Lester</u> Court explicitly noted that had Lester's career offender misclassification occurred under the post-<u>Booker</u>, <u>advisory</u> Guidelines, his petition would have been barred as failing to meet the fourth <u>Wheeler</u> prong.  <u>Id.</u> at 715 ("<u>Foote</u>[6] undoubtedly would bar Lester's petition had he been sentenced under the advisory Guidelines.").  This is so because post-<u>Booker</u>, "the Guidelines lack[ ] legal force," and "an erroneous advisory Guidelines classification [I]s unlike a violation of a statute or constitutional provision." <u>Id.</u>  When a petitioner is sentenced under the post-<u>Booker</u>, purely advisory Guidelines, "the district court not only ha[s] discretion to decide whether the Guidelines sentence [i]s justified, but in fact [i]s required to do so." <u>Id.</u>  In conclusion,

---

[6]   In <u>United States v. Foote</u>, 784 F.3d 931 (4th Cir. 2015), the Fourth Circuit was faced with the issue of whether a petitioner's claim that he was misclassified as a career offender under the advisory Guidelines at sentencing was cognizable under § 2255.  The <u>Foote</u> Court concluded that such a claim was not cognizable under § 2255.  <u>Foote</u>, 784 F.3d at 932.  In reaching its conclusion, the court recognized that "§ 2255 does not allow for a court's consideration and correction of *every* alleged sentencing error," and that "if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  <u>Id.</u> at 936 (quoting <u>Davis v. United States</u>, 417 U.S. 333, 346 (1974)).  The <u>Foote</u> Court ultimately concluded that the misclassification of a petitioner as a career offender under the advisory Guidelines does not result in a fundamental defect that inherently results in a miscarriage of justice.  <u>Id.</u> at 940, 944.

the <u>Lester</u> Court observed that "the savings clause should provide only the tightest alleyway to relief.  Section 2255 is not 'inadequate or ineffective' just because the prisoner can't successfully challenge his sentence under that provision."  <u>Id.</u> at 716.

Because Petitioner in this case was sentenced as a career offender under the post-<u>Booker</u>, advisory Guidelines[7], regardless of whether this was a misapplication of the career offender enhancement, the law in this Circuit makes clear that he cannot satisfy the fourth <u>Wheeler</u> prong, and, therefore, fails to satisfy the § 2255(e) savings clause. Because Petitioner cannot satisfy the savings clause of § 2255(e) under <u>Wheeler</u>, his claim may not be considered under § 2241, and this Court is without jurisdiction to consider his petition.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  <u>Steel Co. v. Citizens for a Better Env't</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petition [ECF No. 1] be **DENIED** and **DISMISSED WITHOUT PREJUDICE.**

The Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.**  A copy of such objections should also be submitted to the United States District Judge.  Objections shall not exceed ten

---

[7] Although Petitioner's original sentence was entered pre-<u>Booker</u>, his amended judgment was post-<u>Booker</u>, because on appeal, the Third Circuit specifically remanded the case for re-sentencing in accordance with <u>Booker</u>. Moreover, in denying Petitioner's motion to file a second or successive § 2255 motion, the Third Circuit specifically noted that Petitioner was sentenced under the advisory sentencing guidelines.

(10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED:  May 13, 2019

*/s. James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE